```
 1                    UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF ARIZONA

 3

 4   United States of America,        )
                                      )
 5               Plaintiff,           ) No. CR 15-924-PHX-GMS
                                      )
 6        vs.                         ) Phoenix, Arizona
                                      ) December 12, 2016
 7   Robert Kenneth Deatherage,       ) 2:14 p.m.
                                      )
 8               Defendant.           )
                                      )
 9

10

11            REPORTER'S TRANSCRIPT OF PROCEEDINGS

12            BEFORE THE HONORABLE G. MURRAY SNOW

13                   (Sentencing Hearing)

14   Appearances:

15   For the Plaintiff:      Lisa Jennis
                             Assistant United States Attorney
16                           UNITED STATES ATTORNEY'S OFFICE
                             Two Renaissance Square
17                           40 North Central, Suite 1200
                             Phoenix, Arizona   85004-4408
18                           (602) 514-7500

19   For the Defendant:      Timothy D. Rogers, Esq.
                             ROGERS LEGAL GROUP, P.L.C.
20                           P.O. Box 182
                             Queen Creek, Arizona   85142
21                           (480) 414-3470

22   Court Reporter:         Gary Moll
                             401 W. Washington Street, SPC #38
23                           Phoenix, Arizona   85003
                             (602) 322-7263
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription
```

|    |                                                                 |          |
|----|-----------------------------------------------------------------|----------|
| 1  | P R O C E E D I N G S                                           |          |
| 2  |                                                                 |          |
| 3  | THE COURT:  Please be seated.                                   |          |
| 4  | THE CLERK:  This is CR 15-924, United States of                 |          |
| 5  | America versus Robert Kenneth Deatherage, on for sentencing.    | 14:14:42 |
| 6  | MS. JENNIS:  Good afternoon, Your Honor.  Lisa Jennis           |          |
| 7  | for the United States.                                          |          |
| 8  | MR. ROGERS:  And good afternoon, Your Honor.  Tim               |          |
| 9  | Rogers here on behalf of Robert Kenneth Deatherage, who is      |          |
| 10 | present in custody.                                             | 14:14:58 |
| 11 | THE COURT:  Good afternoon to you both.                         |          |
| 12 | Good afternoon, Mr. Deatherage.                                 |          |
| 13 | Mr. Deatherage, you're here because you have entered            |          |
| 14 | a -- well, you've appeared in front of Magistrate Judge Duncan  |          |
| 15 | and you've entered -- you've changed your plea to one of guilt  | 14:15:17 |
| 16 | to an information which charges you with possession of a        |          |
| 17 | firearm in furtherance of a drug trafficking offense.           |          |
| 18 | THE DEFENDANT:  That's correct, Your Honor.                     |          |
| 19 | THE COURT:  Thank you.                                          |          |
| 20 | Mr. Rogers, does the defense have any objection if I            | 14:15:34 |
| 21 | accept Magistrate Judge Duncan's recommendation?                |          |
| 22 | MR. ROGERS:  No, Your Honor.                                    |          |
| 23 | THE COURT:  Ms. Jennis, does the government have any            |          |
| 24 | objection?                                                      |          |
| 25 | MS. JENNIS:  No, Your Honor.                                    | 14:15:47 |

1    THE COURT: Then I will accept that recommendation.
2    And there having been a determination of guilt by virtue of the
3    defendant's guilty plea, it is the judgment of the Court that
4    Robert Kenneth Deatherage is guilty of the crime of possession
5    of a firearm in furtherance of a drug trafficking offense, and           14:16:04
6    that in violation of 18 United States Code,
7    Section 924(c)(1)(A)(i).
8         At the time that you entered your guilty plea, I
9    recognized, Mr. Deatherage, as you did it pursuant to a plea
10   agreement that you'd arrived at with the government -- and I            14:16:24
11   have read and reviewed the terms of that plea -- when you
12   appeared in front of Magistrate Judge Duncan, though, and
13   changed your plea, the United States Probation Office began the
14   preparation of a presentence investigation report and it has
15   completed it some time ago. When it completed the report, a             14:16:45
16   copy of it was given to your counsel, Mr. Rogers, and he had
17   the assignment of reviewing it with you in its entirety, and
18   that's because you're entitled to have everything in the report
19   be correct. And if you read the report, you disagree with
20   something it states, you're free to either seek a correction in         14:17:07
21   the report or to object to it.
22        So Mr. Rogers, did you review the report in its
23   entirety with Mr. Deatherage?
24        MR. ROGERS: I did, Your Honor. I went over it word
25   for word.                                                                14:17:18

1           THE COURT:  And does the defense have any objection to
2    anything in the report?
3           MR. ROGERS:  No, Your Honor.  As far as the
4    calculations and the factual information, we don't have any
5    objection.
6           THE COURT:  All right.
7           THE DEFENDANT:  There are a couple minor
8    discrepancies.
9           THE COURT:  What are the minor discrepancies?
10          THE DEFENDANT:  Right inner shoulder, it's my left; my
11   sister has scoliosis, not multiple sclerosis.
12          THE COURT:  Okay.  So those are the two things that --
13          THE DEFENDANT:  Yeah, just --
14          THE COURT:  -- you noted that were not correct?
15          THE DEFENDANT:  Yeah, just a couple typos, yes.
16          THE COURT:  Okay.  Well, then I will assume that your
17   sister has scoliosis and not multiple sclerosis, and that the
18   wound that you've received is in your left shoulder, not your
19   right shoulder.
20          THE DEFENDANT:  Correct.
21          THE COURT:  Aside from that, though, do you have any
22   objections to anything in the report?
23          THE DEFENDANT:  No.  No, Your Honor.
24          THE COURT:  All right.  Ms. Jennis, any objection if I
25   take the corrections offered by the defendant?

1     MS. JENNIS: None at all, Your Honor.
2     THE COURT: All right. Then I will take those
3  corrections. Do you have any objections to the report on
4  behalf of the United States, Ms. Jennis?
5     MS. JENNIS: I do not.
6     THE COURT: Mr. Rogers, do you wish that I sum up the
7  terms of the plea agreement, or are you satisfied that it's --
8  that your client understands them and has correctly entered his
9  plea pursuant to the plea agreement?
10    MR. ROGERS: Your Honor, I am satisfied. I believe
11 that he does understand it and that everything is correct.
12    THE COURT: All right. Ms. Jennis, do you wish to
13 state the terms of the plea agreement on the record?
14    MS. JENNIS: Certainly, Your Honor, and I --
15    THE COURT: I'm not requiring you to do it; I'm --
16    MS. JENNIS: Oh.
17    THE COURT: -- just asking if you want to do it.
18    MS. JENNIS: I can, because I believe there's really
19 one term, one stipulation, Your Honor, and that's that the
20 defendant be sentenced to the mandatory minimum sentence of
21 five years.
22    THE COURT: All right. And aside from that, the
23 defendant agrees to waive defenses and appeal rights, and --
24 let's see -- he agrees to forfeit any interest he has in
25 certain items, and he agrees to make a full accounting of the

1  assets; he agrees to waive any defenses, appeal rights, or
2  rights to collaterally attack the sentence; and the United
3  States agrees that he -- to recommend up to three levels for
4  his acceptance of responsibility, correct?
5          MS. JENNIS: Yes, Your Honor. And the United States                14:19:33
6  will also dismiss the indictment after the defendant is
7  sentenced. And I have compared what is listed to forfeit with
8  what is listed in the presentence report, and they are
9  identical.
10         THE COURT: All right. Thank you.                                  14:19:54
11         So you heard that recitation of the terms of your plea
12 agreement, Mr. Deatherage, and is there anything about that you
13 disagree with?
14         THE DEFENDANT: No, Your Honor.
15         THE COURT: All right. So Mr. Rogers, I'll hear from               14:20:09
16 you.
17         MR. ROGERS: Your Honor, we just ask you follow
18 the stipulation in the plea agreement, which is consistent with
19 the recommendation.
20         THE COURT: Now, I have read the letters that you just             14:20:16
21 provided that were written by your client's family.
22         Did you provide those to Ms. Jennis?
23         MR. ROGERS: I did, Your Honor.
24         THE COURT: Do they realize -- does your client's
25 family realize that I don't determine the level of security on            14:20:31

1  which -- which is going to be appropriate for your defendant --
2  or for your client?
3          Do they understand that, do you know?
4          MR. ROGERS:  They do, Your Honor.  I've spoken with my
5  client's mother and I've spoken with him and -- and mentioned                14:20:42
6  that to them, as well as the recommendation -- that it is
7  only -- can only be a recommendation from Your Honor as far as
8  a location where to be housed.  I've explained that that's
9  entirely --
10         THE COURT:  And I don't have any objection to making        14:20:55
11 the recommendation that your client serve his time in
12 California if that's going to make it more convenient for his
13 family to visit him.  But I don't have any control over what
14 level of security he's placed in; nor, just so you're aware,
15 Mr. Deatherage, does the Bureau of Prisons have to follow my       14:21:10
16 recommendation about where you serve your sentence.
17         THE DEFENDANT:  Right.
18         THE COURT:  I don't have an objection to giving a
19 recommendation that you -- is it Southern California that's
20 going to be most convenient?                                        14:21:19
21         THE DEFENDANT:  Yes, Your Honor.
22         THE COURT:  Well, I will tell you there are, I think,
23 19 federal correction institutions in California, I'm not sure
24 about that number, but I can't control where you're placed even
25 in California.                                                      14:21:31

1    THE DEFENDANT:  Right.

2    THE COURT:  But I suppose somewhere in California is
3 better than nowhere in California.

4    THE DEFENDANT:  True.  True.  Your Honor, I have
5 nothing left here in Arizona, so --

6    THE COURT:  All right.  Anything else, Mr. Rogers,
7 that you wanted to say?

8    MR. ROGERS:  No, Your Honor.

9    THE COURT:  Mr. Deatherage, is there anything you want
10 to say?

11    THE DEFENDANT:  My property at the FBI building, it
12 never came with me to CCA.  My wallet, my identification, cash
13 I had in my wallet at the time, there was no receipt or
14 anything.  The FBI said they were keeping that for safekeeping
15 but they didn't document -- you know, I had my credit cards,
16 ID, all that stuff.

17    I wasn't able to secure my home in Mesa.  Everything's
18 gone.  My computers, all my personal documentation, firearms,
19 my -- I had a gun safe.  God knows whose hands the stuff's in.
20 These were all registered in my name.

21    I'd like to, you know, let the Court know that I do
22 not want to be responsible if these fall into the hands of some
23 lunatic, 'cause they are registered in my name.

24    What do I do?

25    THE COURT:  Well, I can't give you legal advice

1  because I'm a judge, and I apologize for that, but I will say
2  this.
3          And Ms. Jennis, you can object.
4          You can also object, if you wish, Mr. Rogers.
5          If you believe that the government has custody of any       14:23:02
6  of your property that you have not yet been returned yet, there
7  is a procedure by which you can seek such return, and if you
8  don't get the return of the items, then you can file a suit
9  under your federal rights requesting that return.  You can do
10 that even as an inmate.                                             14:23:20
11         That is separate from your sentencing de- -- criminal
12 sentencing decision which is here today, which is what is at
13 issue here today, but I don't wish you to be unaware of your
14 rights to seek the return of property that will be in the
15 custody of federal law enforcement.  That's the first thing.       14:23:34
16         THE DEFENDANT:  All right.
17         THE COURT:  As it pertains to the second thing, I
18 can't give you any real advice.  I understand your concern.
19 But you may, after consulting with counsel or otherwise, wish
20 to disclose, to the extent you can identify the material, to       14:23:48
21 the -- to law enforcement so that they're aware that you're --
22 you're not claiming responsibility for the distribution of
23 those firearms after you were taken into custody.
24         THE DEFENDANT:  Right.  The only reason I'm saying,
25 Your Honor, is it's high-end firearms, you know, it's not just     14:24:05

1  your -- my daddy's shotgun, you know what I mean?

2          THE COURT:  I get it.

3          THE DEFENDANT:  So talking about long guns and

4  pistols, stuff like that, and the ammunition to go with them,

5  you know, it's all gone.  I don't know who has it.  I'm                    14:24:24

6  worried.  I am concerned about it.

7          THE COURT:  All right.  Well, I would advise you to

8  consult with an attorney if you wish to and then determine how

9  you wish to proceed, so that you can aid law enforcement and/or

10 protect yourself from any misuse of those firearms.                        14:24:38

11         THE DEFENDANT:  Okay.

12         THE COURT:  Ms. Jennis.

13         MS. JENNIS:  Your Honor, I was just seeing if there is

14 an FBI agent here today.  I can certainly contact the FBI as to

15 his personal effects that he had with him on the date of arrest            14:24:53

16 and see if those are still in their possession or what --

17 usually, those kind of things are turned over to the initial

18 attorney or a relative at the time of the detention hearing,

19 which we did have.

20         I pretty much summed up as to the sentencing in my                 14:25:11

21 sentencing memorandum, Your Honor.  I went through the factors

22 of 3553 outlining the seriousness of this offense, but that the

23 defendant, it's his first offense, and also that he was really

24 recruited by his co-defendant, Mr. Frazier, to be part of this.

25         Mr. Frazier received a sentence of seven years, so                 14:25:35

1  it's the United States position it's something that -- that
2  Mr. Deatherage receive a lesser sentence, and the United
3  States -- that is why I offered a plea agreement to the
4  defendant from a 10-year mandatory sentence, which is set out
5  in the indictment, to a five-year mandatory sentence, thinking      14:25:52
6  that that would be a punishment that was not too much or too
7  little, sufficient but not greater than to meet the goals of
8  sentencing, Your Honor.  So the United States would ask Your
9  Honor to accept the plea agreement and sentence the defendant
10 to 60 months.                                                       14:26:16
11         THE COURT:  Thank you.
12         Mr. Deatherage, when I sentence somebody, I am obliged
13 to follow a sentencing statute which is set forth in 18, United
14 States Code, Section 3553(a).  It requires that I consider the
15 nature and circumstances of the offense and the history and        14:26:35
16 characteristics of the offender, and then I apply a certain
17 number of factors set forth in the statute, to impose a
18 sentence that is sufficient, but not greater than necessary to
19 meet the statute.
20         I don't know what you thought you were doing when you      14:26:49
21 signed up with Mr. Frazier, but what Mr. Frazier apparently
22 thought he was doing was taking the law into his own hands and
23 doing something very foolish and --
24         THE DEFENDANT:  Very --
25         THE COURT:  -- very dangerous.                             14:27:01

1    THE DEFENDANT: -- very stupid, Your Honor, yes.
2    THE COURT: And so it's not -- it is a serious crime.
3    THE DEFENDANT: It's against everything I stand for.
4    I -- I take responsibility for being there and being present
5    with him at that time. It's just not what was supposed to be
6    happening. He had his own agenda, Your Honor, and I was there;
7    I don't deny that.
8    THE COURT: And you don't deny that you're guilty of
9    the crime for which I'm sentencing you, either, do you?
10   THE DEFENDANT: No, Your Honor. I take full
11   responsibility. I should not have been with Mr. Frazier at
12   all. I hadn't spoken with him for, like, a year and a half at
13   that time, and I don't know, I -- I thought we could rekindle
14   an old friendship, but I was wrong.
15   THE COURT: Well, let me just advise you, sir, that no
16   matter how good you believe your intentions to be, they're
17   always subject to manipulation by others, A, even assuming and
18   giving you the benefit of every doubt in this case. You still
19   were desiring to take the law in your own hands, and that is
20   just not something that is allowed, especially when it
21   involves, as this case did, drugs, firearms, and other
22   extremely dangerous activity.
23   Ms. Jennis is correct that Mr. Frazier received only
24   seven years and perhaps he should have received more, but I
25   sentenced him, and at the time I applied the sentencing factors

1   that are the same sentencing factors that I'm applying to you,
2   and it does seem to me that, as she has suggested, as your
3   counsel has suggested, you are entitled to a somewhat lesser
4   sentence.  And so I do have to, if I find you guilty of this
5   information, give you at least a five-year sentence, as                14:28:58
6   Ms. Jennis has suggested, and that's what I'm going to do.  As
7   the statute requires me, it is the smallest amount of a
8   sentence I feel I can give you to still comply with the factors
9   that are set forth in the statute, and I have considered all of
10  them, and that's the statute at 18, United States Code,               14:29:16
11  Section 3553(a).
12          So I hope you understand that.  I have already
13  recommended that you serve your sentence somewhere within the
14  state of California, if possible.
15          So pursuant to the Sentencing Reform Act of 1984, it          14:29:32
16  is the judgment of the Court that Robert Kenneth Deatherage is
17  hereby committed to the Bureau of Prisons for five years.  The
18  defendant shall pay a special assessment of $100, which shall
19  be due immediately.  The Court finds that the defendant does
20  not have the ability to pay and orders that the fine be waived.      14:29:48
21          The defendant shall pay a total of $100 in criminal
22  monetary penalties, due immediately.  Having assessed the
23  defendant's ability to pay, payment of the total criminal
24  monetary penalties is due as follows:  The balance is due in
25  equal monthly installments of $25 over a period of four months,      14:30:05

Case 2:15-cr-00924-GMS   Document 137   Filed 07/29/17   Page 14 of 20
14
CR15-924-PHX-GMS, U.S. v. Robert Kenneth Deatherage, 12/12/16 Sentencing Hearing

1  to commence 60 days after release from imprisonment.
2          During incarceration, payment of criminal monetary
3  penalties are due at a rate of not less than $25 per quarter,
4  and payments shall be made through the Bureau of Prisons Inmate
5  Financial Responsibility Program.                                  14:30:22
6          Criminal monetary payments shall be made to the Clerk
7  of the United States District Court, Attention: Finance,
8  Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona
9  85003-2118.
10         Payments should be credited to the various monetary    14:30:38
11 penalties imposed by the Court in the priority established
12 under 18, United States Code, Section 3612(c).
13         The Court hereby waives the imposition of interest and
14 penalties on any unpaid balance.
15         Upon your release from imprisonment, you shall be     14:30:55
16 placed on supervised release for three years, and while on
17 supervised release you shall comply with the standard
18 conditions of supervision as adopted by this Court in
19 General Order 16-23.  Of particular importance:  You shall not
20 commit another federal, state, or local crime during the term   14:31:10
21 of your supervision.
22         Within 72 hours of sentencing or release from the
23 custody of the Bureau of Prisons, you shall report in person to
24 the probation office in the district to which you are released.
25         You shall comply with the following additional         14:31:24

1   conditions:  You shall participate in a mental health program
2   as directed by the probation officer, which may include taking
3   prescribed medication.
4           You shall contribute to the cost of treatment in an
5   amount to be determined by the probation officer.
6           You shall not utilize by any means any social
7   networking forums offering an interactive user-submitted
8   network of friends, personal profiles, blogs, chat rooms, or
9   other environment which allows for interactions with others,
10  without prior written permission from the probation officer.
11          You are prohibited from associating or contacting
12  militia members, past and current, throughout the term of
13  supervision.
14          You shall comply with the standard condition of
15  supervision requiring full-time employment at a lawful
16  occupation.  This may include participation in training,
17  counseling, and/or daily job searching as directed by the
18  probation office.  If you are not in compliance with this
19  condition of supervision, you may be required to perform up to
20  20 hours of community service per week until you are employed
21  as approved or directed by the probation officer.
22          You shall submit your person, property, house,
23  residence, vehicle, papers, computers, as defined in 18, United
24  States Code, Section 1030(e)(1), other electronic
25  communications or data storage devices or media or office, to a

1  search conducted by a probation officer.  Failure to submit to
2  a search may be grounds for the revocation of your release.
3  You shall warn any other occupants that the premises may be
4  subject to searches pursuant to this condition.
5          You are prohibited from owning, using, or maintaining           14:32:58
6  a firearm.
7          Your interest in the following property shall be
8  forfeited to the United States as listed in the indictment:
9  An HK P2000 .40 caliber S&W, serial number 123-014011;
10 an HK P2000 magazine; a Springfield Armory XD-45 ACP, with a
11 serial number XD694265; a Springfield Armory XD-45 magazine; an
12 Arsenal Model SLR-1015 7.62x39 caliber, with serial number
13 KP390126; a 7.62x39 caliber magazine; Spikes Tactical SL-15
14 lower with serial number SAR54721 with 5.11 sling; Magpul PMAG
15 5.56x45; Walther PK380, with a serial number PK081315; with a
16 Walther .380 magazine; a Glock 17 9x19, serial number WR838; a
17 Glock 17 magazine; a Smith and Wesson 357 magnum revolver,
18 serial number NF218732; a Smith and Wesson .22 long-rifle CTG
19 revolver, serial number 3K72887; YHM Model YHM-15 5.56 with
20 serial number YH021761, with EOTech optic and flashlight; a
21 Magpul PMAG 5.56x45 caliber; an AR-15 Model AR15F with serial
22 number 10695, with flashlight and sling; a Magpul PMAG 5.56x45;
23 Sturm, Ruger & Co. Ruger P94 with serial number 308-58139; a
24 Ruger P94 magazine; a Savage 308 with serial number F536903,
25 with scope and sling; a 5.56x45 upper receiver; LG Model

1   L5620 -- I'm sorry, L5620 with serial number 408CYKJ0117965; a
2   Samsung flip phone, serial number R21D9AVEZ5W; a Samsung Galaxy
3   phone, serial number R28G509NXPY; YAESU FM Transceiver FT-60
4   with serial number 2M580427; a BAOFENG Dual Band FM Transceiver
5   UV-5RAX+; a BAOFENG
6   Dual Band FM Transceiver UV-5RV2+; a Big Horn Arms WTH-S,
7   serial number 000242; a Big Horn Arms WTHS, serial number
8   0001000; and five rounds of Winchester .308 caliber ammunition.
9           Do you understand the sentence as I have imposed it
10  upon you, sir?                                                      14:37:11
11          THE DEFENDANT:  Yes, Your Honor.
12          That wasn't all my stuff.  That's just to let you
13  know.
14          THE COURT:  I take it from what you -- I took it from
15  what you said earlier that that was not all your stuff.             14:37:23
16          THE DEFENDANT:  Yeah.
17          THE COURT:  Mr. Rogers, I believe that I have accepted
18  the defendant's plea agreement and sentenced him in compliance
19  with it.  Does the defense have any objection to such a
20  finding?                                                            14:37:37
21          MR. ROGERS:  No, Your Honor.
22          THE COURT:  Does the prosecution, Ms. Jennis?
23          MS. JENNIS:  No, Your Honor.  I do have one
24  correction.  Right before you read what was listed in the
25  forfeiture you said "as listed in the indictment," and I just       14:37:45

1　want to correct it's listed in the information.

2　　　　　THE COURT:  Thank you.  It is as listed in the
3　information.  I do find, Mr. Deatherage, that I have accepted
4　your plea agreement and sentenced you in compliance with it,
5　and that means that you're bound by the terms of your plea
6　agreement.  And in that plea agreement you agreed that you'd
7　waive any right you had to appeal the sentence or the
8　conviction if I sentenced you in compliance with the plea
9　agreement, so I do find that you've waived your rights to
10　appeal.  Do you understand that?

11　　　　　THE DEFENDANT:  Absolutely, Your Honor.

12　　　　　THE COURT:  All right.  But there are two rights that
13　you have that you can't waive, and the first is if you believe
14　for some reason the United States engaged in prosecutorial
15　misconduct in the course of bringing these charges against you,
16　or if you believe you were deprived of the effective assistance
17　of defense counsel in defending yourself against these charges,
18　then you haven't waived those rights.  You haven't waived the
19　rights to assert those things even if you choose to do so on
20　appeal.

21　　　　　To the extent, therefore, that you may have preserved
22　some rights to appeal despite your waiver of that right, you
23　may have also preserved the right to apply for leave to appeal
24　in forma pauperis.  If you do that, the clerk of the court will
25　prepare and file a notice of appeal on your behalf but with few

1  exceptions, any such notice must be filed within 14 days of
2  today's judgment.
3          Do you understand that, sir?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  Anything else on behalf of your client,          14:39:14
6  Mr. Rogers?
7          MR. ROGERS:  No, Your Honor.  Thank you.
8          THE COURT:  Ms. Jennis, anything else on behalf of the
9  United States?
10         MS. JENNIS:  Yes, Your Honor.  The United States would       14:39:22
11 move to dismiss Count 1 of the indictment as against this
12 defendant.
13         THE COURT:  All right.  Count 1 of the indictment is
14 dismissed.
15         MS. JENNIS:  Thank you.                                      14:39:31
16         THE COURT:  Thank you.
17         MR. ROGERS:  Thank you, Your Honor.
18         THE DEFENDANT:  Thank you, Your Honor.
19         (Proceedings concluded at 2:38 p.m.)

C E R T I F I C A T E

I, GARY MOLL, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 27th day of July, 2017.

s/Gary Moll